MATTHEW J. RUGGLES (SBN 173052)
**RUGGLES LAW FIRM**
7940 CALIFORNIA AVENUE
FAIR OAKS, CA 95628
TEL:    (916) 758-8058
mruggles@ruggleslawfirm.com

ATTORNEY FOR PLAINTIFF
ELIZABETH ANN HARGER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ANN HARGER,<br><br>           Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>2. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT BASED ON RELIGION**<br>3. **FAILURE TO ACCOMMODATE RELIGIOUS BELIEF IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. The United States District Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a)(1)("diversity jurisdiction") because there exists complete diversity between the parties, and the amount in controversy exceeds $75,000.00. Specifically, Plaintiff ELIZABETH ANN HARGER alleges the following facts:

 a. Plaintiff ELIZABETH ANN HARGER is a citizen of the State of California and a resident of El Dorado County, California.

 b. Defendant BRISTOL-MYERS SQUIBB COMPANY is a Delaware corporation, with its principal place of business in New York, New York. At all relevant times, Defendant BRISTOL-MYERS SQUIBB COMPANY employed Plaintiff ELIZABETH ANN HARGER in El Dorado County, California.

 c. Plaintiff's potential damages (including lost and future wages, emotional distress damages, and punitive damages) and reasonable attorney's fees in this matter exceed $75,000.00, exclusive of interest and costs.

2. Venue in the United States District Court for the Eastern District of California is proper because the injuries to Plaintiff occurred within the County of El Dorado.

3. The true names and capacities of the Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

4. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant, co-venturer, and/or employee of each of the other Defendants and was at all times herein mentioned acting within the scope of said agency, venture, and/or employment and with actual or ostensible authority and/or agency and that each of the Defendants ratified the actions and/or conduct of the others.

5. Within the time provided by law, Plaintiff ELIZABETH ANN HARGER filed a complaint with the California Department of Fair Employment and Housing (DFEH Matter No. 202205-17107625) and received a Right-to-Sue letter dated May 25, 2022.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff ELIZABETH ANN HARGER was hired by Defendant BRISTOL-MYERS SQUIBB COMPANY in March of 1999 as an Associate Territory Business Manager for the Company's West Coast N/I/D Region. In 2017, Plaintiff ELIZABETH ANN HARGER was promoted to the position of Senior Territory Business Manager for the Oncology Sales Team for Sacramento, California. Plaintiff enjoyed her work with Defendant BRISTOL-MYERS SQUIBB COMPANY and received consistent praise for her excellent job performance, including exemplary annual performance evaluations for every year she worked for the Company. Plaintiff ELIZABETH ANN HARGER planned to continue employment with Defendant until retirement.

7. On September 7, 2021 Defendant BRISTOL-MYERS SQUIBB COMPANY announced a revision to its policy regarding the COVID-19 pandemic that stated the Company would require all of its United States employees to be fully vaccinated against COVID-19 by November 1, 2021.

8. Shortly thereafter, Defendant BRISTOL-MYERS SQUIBB COMPANY began to roll out its new requirement and institute processes to encourage employee vaccination. The

Company's rollout included the threat of "for cause" involuntary termination if employees did not receive COVID-19 vaccinations. The Company included a provision to accept and consider individual employees' requests for accommodation from its vaccination policy.

9. Defendant BRISTOL-MYERS SQUIBB COMPANY required employees seeking a religious accommodation to initiate the process by completing a religious accommodation request form.

10. The initiating form required employees to answer standard questions such as identifying what policy that they were seeking an exemption from, what their religious beliefs were, how they conflicted with the policy, the duration of the requested accommodation, and what accommodation they desired. It also required them to state that they sincerely held their religious beliefs, that the Company might need to obtain information to further evaluate their request, and that the information that they were providing was true and accurate.

11. Plaintiff ELIZABETH ANN HARGER timely submitted a request for an accommodation of her sincerely held religious belief that precluded Plaintiff from receiving the COVID-19 vaccination. After Plaintiff's submitted her initial request for an accommodation, the Company responded and requested that Plaintiff provide "additional information" in the form of a series of written questions that were invasive, inappropriate and partially unrelated to any legitimate "interactive process" required in response to Plaintiff's request for a reasonable accommodation, including requests for personal, private and protected medical information related to Plaintiff's children. Despite the inappropriate nature of the Company's inquiry, Plaintiff ELIZABETH ANN HARGER provided a good faith response to the best of her ability.

12.     Plaintiff ELIZABETH ANN HARGER's request for an accommodation for her sincerely held religious belief was denied by letter dated November 6, 2021 from Claudia Pezzina, Vice President, Human Resources.  The Company's November 6, 2021 letter not only denied Plaintiff's request on the grounds that Plaintiff did not sincerely hold a religious belief that precluded Plaintiff from receiving the COVID-19 vaccination, but also stated that any reasonable accommodation, including continuing to work remotely, would result in an undue burden to Defendant BRISTOL-MYERS SQUIBB COMPANY.

13.     Plaintiff ELIZABETH ANN HARGER is informed and believes and on that basis alleges that allowing Plaintiff to continue to work remotely would not have been an undue burden on Defendant BRISTOL-MYERS SQUIBB COMPANY.  Plaintiff is informed and believes and on that basis alleges that employees that requested a reasonable accommodation on the basis of a medical condition were granted an accommodation in the form of permission to continue to work remotely, and were not summarily terminated like Plaintiff and many other employees that requested a religious accommodation.  Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendant BRISTOL-MYERS SQUIBB COMPANY could have provided other reasonable accommodations to Plaintiff ELIZABETH ANN HARGER that would have permitted Plaintiff to continue to perform the essential functions of her position.

14.     As stated in the November 6, 2021 letter denying Plaintiff's request for a reasonable accommodation for Plaintiff's sincerely held religious belief, Plaintiff ELIZABETH ANN HARGER was involuntarily terminated on or about December 6, 2021 because Plaintiff ELIZABETH ANN HARGER did not receive the COVID-19 vaccination, and because Defendant BRISTOL-MYERS SQUIBB COMPANY illegally, wrongfully and maliciously denied Plaintiff a religious accommodation as required by California law.

## FIRST CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

15. As a first, separate, and distinct cause of action, Plaintiff ELIZABETH ANN HARGER complains about Defendant BRISTOL-MYERS SQUIBB COMPANY and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

16. On or about December 6, 2021, Defendant BRISTOL-MYERS SQUIBB COMPANY terminated Plaintiff ELIZABETH ANN HARGER in violation of the public policy set forth in the California Fair Employment and Housing Act, California Government Code section 12940, *et seq*.

17. Defendant BRISTOL-MYERS SQUIBB COMPANY did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were despicable, and ought not to be suffered by any member of the community.

18. As a direct, foreseeable and proximate result of Defendant's wrongful termination in violation of public policy, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

19. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

20. All actions of Defendant BRISTOL-MYERS SQUIBB COMPANY, its employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendant BRISTOL-MYERS SQUIBB COMPANY.

Therefore, Plaintiff is entitled to punitive or exemplary damages against Defendant BRISTOL-MYERS SQUIBB COMPANY in an amount to be determined at the time of trial.

**SECOND CAUSE OF ACTION**
**(Discrimination in Violation of the California**
**Fair Employment and Housing Act Based on Religion)**

21. As a second, separate, and distinct cause of action, Plaintiff ELIZABETH ANN HARGER complains about Defendant BRISTOL-MYERS SQUIBB COMPANY, and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

22. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, *et seq.*, was in full force and effect and was fully binding upon Defendant BRISTOL-MYERS SQUIBB COMPANY  Specifically, Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against any employee in compensation or in terms, conditions, or privileges of employment on the basis of religion and an employee's sincerely held religious belief.

23. Defendant BRISTOL-MYERS SQUIBB COMPANY knew that Plaintiff ELIZABETH ANN HARGER had a sincerely held religious belief that precluded Plaintiff from receiving the COVID-19 vaccination. The actions of Defendant BRISTOL-MYERS SQUIBB COMPANY include, but are not limited to, terminating Plaintiff's employment and discriminating against Plaintiff ELIZABETH ANN HARGER in the terms, conditions and privileges of employment. As a result, Defendant BRISTOL-MYERS SQUIBB COMPANY engaged in illegal discrimination against Plaintiff ELIZABETH ANN HARGER on the basis of Plaintiff's religion and Plaintiff's sincerely held religious belief.

- 7 -

24. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

25. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

26. All actions of Defendant BRISTOL-MYERS SQUIBB COMPANY, its employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendant BRISTOL-MYERS SQUIBB COMPANY. Therefore, Plaintiff is entitled to punitive or exemplary damages against Defendant BRISTOL-MYERS SQUIBB COMPANY in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION
### (Failure to Accommodate Religious Belief in Violation of the California Fair Employment and Housing Act)

27. As a third, separate, and distinct cause of action, Plaintiff ELIZABETH ANN HARGER complains about Defendant BRISTOL-MYERS SQUIBB COMPANY, and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

28. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Government Code section 12940, *et seq.*, was in full force and effect and was fully binding upon Defendant BRISTOL-MYERS SQUIBB COMPANY. Specifically, California Government Code section 12940(l) makes it an unlawful employment practice "[f]or an employer or other entity covered by this part to refuse to hire or employ a person or to refuse to select a person for a training program leading to employment or to bar or to discharge a person

from employment or from a training program leading to employment, or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer or other entity covered by this part demonstrates that it has explored any available reasonable alternative means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with the person's religious belief or observance or permitting those duties to be performed at another time or by another person, but is unable to reasonably accommodate the religious belief or observance without undue hardship, as defined in subdivision (u) of Section 12926, on the conduct of the business of the employer or other entity covered by this part."

29.   During her employment with Defendant BRISTOL-MYERS SQUIBB COMPANY, Plaintiff ELIZABETH ANN HARGER had a sincerely held religious belief that precluded Plaintiff from receiving the COVID-19 vaccination.  Plaintiff timely requested reasonable accommodation(s) from Defendant BRISTOL-MYERS SQUIBB COMPANY for Plaintiff's sincerely held religious belief, but was repeatedly denied.  Plaintiff ELIZABETH ANN HARGER is informed and believes and on that basis alleges that Defendant BRISTOL-MYERS SQUIBB COMPANY could have provided a reasonable accommodation for Plaintiff's sincerely held religious belief by simply allowing Plaintiff to continue to work remotely, and that such an accommodation would not have been an undue burden on Defendant.

30.   With the foregoing reasonable accommodation, Plaintiff would have been able to perform the essential functions of her position for Defendant BRISTOL-MYERS SQUIBB COMPANY.

31. Defendant BRISTOL-MYERS SQUIBB COMPANY knew that Plaintiff ELIZABETH ANN HARGER had a sincerely held religious belief that precluded Plaintiff from receiving the COVID-19 vaccination. Furthermore, Defendant BRISTOL-MYERS SQUIBB COMPANY knew that there were reasonable accommodation(s) available that would not result in an undue burden to Defendant BRISTOL-MYERS SQUIBB COMPANY, but that would allow Plaintiff to perform all of the essential functions of the position. Accordingly, Defendant BRISTOL-MYERS SQUIBB COMPANY failed to accommodate Plaintiff ELIZABETH ANN HARGER's religion and Plaintiff's sincerely held religious belief in violation of the Fair Employment and Housing Act.

32. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

33. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

34. All actions of Defendant BRISTOL-MYERS SQUIBB COMPANY, its employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendant BRISTOL-MYERS SQUIBB COMPANY. Therefore, Plaintiff is entitled to punitive or exemplary damages against Defendant BRISTOL-MYERS SQUIBB COMPANY in an amount to be determined at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ELIZABETH ANN HARGER prays for judgment against Defendant BRISTOL-MYERS SQUIBB COMPANY as follows:

1. For money judgment for mental pain, anguish and emotional distress, according to proof;

2. For a money judgment representing compensatory damages including lost past and future wages and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof;

4. For an award of punitive and/or exemplary damages against Defendant;

5. For costs of suit, including an award of attorney's fees pursuant to Government Code section 12900, *et seq*. and/or any applicable statutory basis;

6. For prejudgment interest, according to statute;

7. For any other relief that is just and proper.

**JURY TRIAL DEMANDED**

Plaintiff ELIZABETH ANN HARGER demands a trial of all issues by jury.

DATED: May 25, 2022                           RUGGLES LAW FIRM

                                              By: _____
                                                  MATTHEW J. RUGGLES
                                                  Attorney for Plaintiff
                                                  ELIZABETH ANN HARGER